# Ely *v.* Pace, *et al.*

## *Statutory Action of Ejectment.*

1. *Ejectment; what necessary to be proved, where issue joined upon plea of disclaimer.*—Where, in an action of ejectment, or the corresponding statutory action, a defendant interposes a plea of disclaimer denying the fact of the possession of the premises at the time of the institution of the suit, in or⸳ maintain such suit, it is necessary for the plaintiff to show that the defendant so disclaiming was in actual possession of the premises or had disposessed the plaintiff.

2. *Ejectment; burden of proof; bona fide purchaser.*—When, in a statutory action of ejectment the defense interposed is that of a *bona fide* purchaser for value from the plaintiff's ·grantor,

without notice of the claim asserted by plaintiff, after plaintiff introduced a conveyance from the common grantor anterior in date to that under which the plaintiff claims, the burden is then upon the defendant to show that he purchased the land in controversy and paid value for it; and upon the proof of such purchase, the burden is again shifted upon the plaintiff to rebut and overcome the evidence of purchase and payment, or to show that such purchase and payment were made with actual or constructive notice to the defendant of plaintiff's asserted claim.

3. *Consideration of deed; recital of, and burden of proof.*—When a conveyance is assailed by creditors of the grantor, whose debts were in existence at the time of its execution, the recital of a consideration is not evidence as against them, and the *onus* is on the grantee to prove a consideration such as will support it.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. JOHN C. ANDERSON.

This was a statutory action of ejectment, brought by the appellant, M. Ely, against the appellees, Sallie E. Pace and Tom Parker. The defendant Sallie E. Pace filed a plea disclaiming possession of the premises sued for at the time the action was commenced, and the defendant, Tom Parker, pleaded not guilty. Issue was joined on these pleas.

The evidence for the plaintiff shows that on May 4, 1893, and ever since J. W. and J. R. Smith were insolvent; that at that time they made and executed a mortgage to the plaintiff on the lands described in plaintiff's complaint; that said Smiths were in possession of said lands at the time of the execution of the mortgage; that said mortgage which was introduced in evidence was acknowledged before L. J. Pace, a justice of the peace; that Pace was at the time and is now a brother-in-law of the said Smith and the husband of Sallie Pace; that he acted as agent for his wife in renting and looking after the land. The mortgage from J. W. and J. R. Smith to the plaintiff was in-

troduced in evidence after the proof of its execution, and
was shown to have been executed on May 4, 1893; but
said mortgage was never recorded in the probate office
of Marengo county.

The defendant offered in evidence a deed executed
from said J. R. and J. W. Smith to Sallie E. Pace, which
was dated March 5, 1895. To the introduction of this
deed in evidence the plaintiff objected upon the ground
that said deed was irrelevant and was immaterial. The
court overruled the objection, and the plaintiff duly ex-
cepted. The other facts of the case are sufficiently stated
in the opinion.

There were verdict and judgment for the defendants.
The plaintiff appeals, and assigns as error the rulings of
the court upon the evidence and the refusal to give the
general affirmative charge requested by him, and the
giving of the general affirmative charge requested by the
defendants.

MILLER & HERBERT, for appellant.—The plaintiff in
this case traced title to a party in possession, showing
that they were in possession, and showing that they exe-
cuted to plaintiff a good and valid mortgage, which made
out for the plaintiff a *prima facie* case.—*Florence Co. v.
Schall*, 107 Ala. 533; *Farris & McCurdy v. Houston*, 74
Ala. 162.

The court should have sustained the plaintiff's objec-
tion to the mortgage offered in evidence, purporting to be
executed from plaintiff's grantors to Mrs. Sallie Pace,
because it was irrelevant and immaterial.—*Lucy v.
Tenn. & Coosa R. R. Co.*, 92 Ala. 246.

The court should have given the general charge for the
plaintiff, because the defense was for the purpose of
showing that the defendant Pace was a *bona fide* pur-
chaser from plaintiff's grantor without notice.—*Bynum
v. Gold*, 106 Ala. 427.

Then again the plaintiff was a creditor of the grantor,
and his demand was not ascertained when the deed to
Mrs. Pace was executed, and the recital of consideration

in said deed executed to Mrs. Pace on March 5th, 1895, was not more than the admission or declaration, of the grantors, J. R. and J. W. Smith, and the burden of proving a valuable consideration rests upon the grantee, Mrs. Pace, and she having offered no independent proof of the consideration than that expressed in the deed and which was the mere recital or declaration of the grantors, Smith, this proof fell far short of the legal requirements. *Bynum v. Gold,* 106 Ala. 427; *Hubbard v. Allen,* 59 Ala. 283; *Houston v. Blackman,* 66 Ala. 559; *Tutwiler v. Munford,* 68 Ala. 124; *Hamilton v. Blackman,* 60 Ala. 545.

TAYLOR & WOOLF, *contra.*—Unless possession of the defendant is admitted by pleas, or the statute dispenses with proof of possession, plaintiff will be non-suited on the trial unless he proves possession of the defendant in part or in whole. No attempt or offer was made to prove possession in Mrs. Pace.—Tyler on Eject., § 472; *Kirkland v. Trott,* 66 Ala. 417. Possession is a fact to which witnesses may testify.—3 Mayfield Dig. 144, § 514; *Steed v. Knowles,* 97 Ala. 578.

The appellee, Mrs. Pace, was entitled to the general charge.

The defendant Parker under his plea of "not guilty," offered in evidence the conveyance to Mrs. Sallie Pace, to show title in another than the plaintiff, derived from the common source. A defendant in ejectment, unless estopped by some act done by him, or by some relation existing between him and the plaintiff, may defeat a recovery by showing an outstanding title in a stranger. *King v. Stevens,* 18 Ala. 475; 3 Mayfield Dig. 145, § 534; *Wells v. Mortgage Co.,* 109 Ala. 430.

HARALSON, J.—This was an action in the nature of an action of ejectment by M. Ely against Sallie Pace and Tom Parker. Defendants pleaded separately,—Sallie

Pace, disclaiming possession, and Parker pleading the general issue.

Section 1533 of the Code provides, that defendants, in an action of this kind, may disclaim possession of the premises sued for, in whole or in part, and upon such disclaimer, the plaintiff may, if he so elects, take issue, and if issue be found for him, he is entitled to judgment. This denial of possession put in issue the question of possession, and only that. It was for the purpose on this trial, an admission of plaintiff's title, with a denial of defendant's possesion.—*McQueen v. Lampley,* 74 Ala. 408, 410. The contention before the court, so far as the defendant Sallie Pace, was concerned, was confined to the fact of possession by her of the premises, at the time the suit was commenced. To support the action, the fact of possession by Mrs. Pace, at the commencement of the suit being contradicted, it was necessary for plaintiff to show, that she was in actual possession, or had dispossessed him which was not done.—*Kirkland v. Trott,* 66 Ala. 420; *Bailey v. Selden,* 124 Ala. 406; Tyler on Ejectment, 472. The judgment entry shows that issue was joined on the pleadings filed in the cause, and the case was tried, both, on issue joined on defendant Pace's disclaimer of possession, and on Parker's plea of not guilty. The court gave the general charge in favor of defendants, and refused a like charge for plaintiff.

The plaintiff claimed title to the land under a mortgage executed to him by James R. and John W. Smith, Jr., executed on the 4th of May, 1893, which mortgage was duly acknowledged but never recorded. Indeed, it contained a stipulation that if placed on record it should become void and of no effect. The defendant Parker, by his plea admits his possession of the land sued for, but did not attempt, in any way, to show title in himself. So far as he was concerned, the plaintiff, as for any muniment of title he offered and introduced in evidence, was entitled to the general charge.

The defendant Parker, as a defense to the action, sought to show that Mrs. Pace was a *bona fide* purchaser of the land in question, from the same parties that plaintiff derived title from,—the said J. R. and J. W. Smith,

Jr.   For this purpose, he introduced a deed from said Smiths to Mrs. Pace to the land in question, dated March 5th, 1895.   This deed recited as a consideration, "one thousand dollars due by us to Mrs. Sallie E. Pace, of the said county, and which is secured by a lien on real estate herein described," etc.   This is a recital of said sum already due to the grantee.

The rule as to a *bona fide* purchaser, often repeated in this State is, "that the party pleading it must first make satisfactory proof of purchase and payment.   This is affirmative, defensive matter in the nature of confession and avoidance, and the burden of proving it rests on him who asserts it.   *Ei incumbit probatio qui dicit.*   This done, he need not go further, and prove he made such purchase and payment without notice.   The burden here shifts, and if it be desired to avoid the effect of such purchase and payment, it must be met with counter proof that, before the payment, the purchaser had actual or constructive notice of the equity or lien asserted, or of some fact or circumstance sufficient to put him on enquiry, which, if followed up, would discover the equity · or incumbrance."—*Hodges v. Winston,* 94 Ala. 578; *Bynum v. Gold,* 106 Ala. 434.

Another well settled rule is, that conveyances of property, real or personal, whether the consideration is adequate or inadequate, good or valuable, if made in good faith, are valid and operative as between the parties. "But as against the existing creditors of the grantor, they cannot be supported, unless shown to have been founded on an adequate and valuable consideration.   Where between the grantee and an existing creditor, a controversy arises as to the validity of the conveyance, it has long been the settled rule of this State, that the recital of a consideration, is the mere declaration or admission of the grantor, and is not evidence against the creditor." If the consideration is averred to be a debt of the grantor, or of the debtor from whom the consideration for the conveyance originally moved, the existence and validity of such debt must be proved.—*Hubbard v. Allen,* 59 Ala. 283, 296; *Houston v. Blackman,* 66 Ala. 559; *Buchanan*

[Reese v. Cleburne County.]

*v. Buchanan*, 72 Ala. 57; *Tutwiler v. Munford*, 68 Ala. 124.

The plaintiff objected to the introduction of the deed from the Smiths to Mrs. Pace, on the ground that it was irrelevant and immaterial. It shows on its face, that it was for a debt due at the time. There was no proof of the consideration expressed in the deed, whether it in fact existed and was valid or not. Under such conditions, the burden was not placed on the plaintiff to prove that the purchaser had actual or constructive notice of the existence of his mortgage. Without more than was shown by defendant, Parker, Mrs. Pace's deed was insufficient to show that she was a *bona fide* purchaser for value.

As appears, the plaintiff made out his case against defendant, Parker, and was entitled to the general charge as to him. The court, however, gave that charge for both defendants. For this, the judgment must be reversed.

Reversed and remanded.