# McGraw, *et al. v.* Tillery.

*Administration.*

(Decided April 18, 1912. 58 South. 421.)

*Executors and Administrators; Claims Against the Estate; Proceedings to Enforce.*—The petition stated and examined and held to show that the sums paid by the petitioner were not paid for the benefit of the estate, but for the individual benefit of those entitled to share therein, and that petitioner could not intervene in the administration to recover his advancement, his remedy being by supplemental bill, or an original bill.

APPEAL from Lee County Law and Equity Court.

Heard before Hon. W. F. DICKINSON, Special Judge.

Petition by T. P. Hudmon against T. J. Tillery, as administrator, and others. From a judgment overruling demurrers to the petition, certain defendants appeal. Reversed and remanded.

John Smith, T., as the administrator of Effie B. Tillery, and T. J. Tillery, as the administrator of the estate of John C. Tillery, having removed the administration of said estate into the Lee county law and equity court, and having moved for a settlement of said estate, T. P. Hudmon filed his petition as follows: That, by virtue of an alleged will of Effie B. Tillery, all her right, title, interest, and claim in the estate of John C. Tillery became invested in Leila Edwards and J. L. Jenkins, who by a deed conveyed all such right, title, and interest to one W. C. Campbell, and that at the instance and on behalf of, and for the benefit of, the respondents, who have been decreed to be the heirs at law of said John C. Tillery, petitioner did on the 10th day of July, 1909, pay to Campbell the sum of $1.50, in consideration that Campbell would convey to him, your petitioner, all of his alleged claim, title, and interest in the estate of John C. Tillery, which petitioner alleges he has ever since held in trust for the heirs of the said John C. Tillery. The petition further shows that there was a claim against the estate of Effie Tillery, evidenced by note for $1,200, signed by said Effie Tillery, and that, notwithstanding said deed from Edwards and Jenkins to Campbell, the said Edwards and Jenkins claimed that the deed was intended to be a mortgage to secure the consideration therein expressed, and that they were still the equitable owners of the estate of John C. Tillery, and that petitioner at the instance, and on behalf of, and for the benefit of, the heirs at law of said John

C. Tillery, on the 3d day of January, 1910, paid to said
solicitors, and to said Edwards and Jenkins, the sum
of $2,250, in consideration of their transferring, releas-
ing, and conveying to petitioner all of their alleged
claim, which said claim has ever since, and is now, held
by petitioner in trust for the benefit of said heirs at
law.   Petitioner further shows that for the benefit of
himself, and for his own interest and behalf, he has pur-
chased from all the respondents who have been decreed
to be the heirs at law of John C. Tillery, deceased, ex-
cept Lee Ford and others named, all the right, title, in-
terest, and claim in and to the estate owned by said
John C. Tillery, except the interest owned by the above-
mentioned last-named heirs, and that, together with
said last-named heirs, petitioner owns the estate of John
C. Tillery.   It is further shown that, for the interest of
himself and the said last-named heirs, petitioner has
acquired from J. M. Chilton and George A. Hayes the
claims that they had and held against the estate of
John C. Tillery, and those claiming an interest therein,
for services rendered as solicitors, and as guardians ad
litem, and that said solicitors were entitled to be paid,
under the arrangement by which they represented the
respondents as solicitors, a sum of money equal to 10
per cent. of any money or property recovered for said
respondent, and that in payment of said transfer or said
claim for Chilton and Hayes, on April 1, 1910, petition-
er paid the sum of $2,000.   It is then alleged that Jane
Tillery is non compos, that John A. Clegg is her
guardian, and that she is entitled to an undivided one-
seventh interest in the estate of John C. Tillery.   That
Jettie Bell Clegg is a minor, and the owner of a one-
seventh interest in the estate of John C. Tillery, subject
to a life estate now owned by petitioner for and during
the life of the minor's father, John A. Clegg, and that

said Clegg has no adverse interest to said minor in this proceeding. It is further shown that Lee, Effie, Hugh, and Clee Ford are each minors, with C. T. Mc-- Graw as guardian of said minors; that their father and mother are dead, and that said minors own jointly an undivided two-thirds of one-seventh interest in and to the estate of John Tillery. It is further averred that, by reason of the advancement by petitioner as aforesaid of said money, the above-stated cause has been brought to a settlement, and the true heirs at law of John C. Tillery saved great cost and expense, and that the same is for the best interest of said estate. The prayer is for an order directing the payment to petitioner, out of any money belonging to said estate, of the said sum paid by him, with interest, and that the respective interests of the above tenants in common with petitioner be charged with their proportionate part of said money so advanced, and that, in the event there shall not be sufficient money belonging to said estate, out of which to pay said sums in full, that the respective interests of the above-mentioned heirs at law and tenants in common of the estate of John C. Tillery be charged therewith, and that a lien be declared upon their respective interests in favor of petitioner to secure the payment of petitioner of the amounts charged against their said interests, respectively, and for such other orders, etc.

BARNES & DENSON, for appellant. Hudmon being a stranger to the suit cannot intervene for the purpose of setting up his demand by petition, his remedy being by supplemental bill, or by original bill in the nature of a supplemental bill.—*Renfroe Bros. v. Goetter,* 78 Ala. 311; *Ex parts Breedlove,* 118 Ala. 172; *Talladega Co. v. Jenifer Co.,* 102 Ala. 263; 3 Mayf. pp. 251, 317. The court erred in rendering a decree for Hudmon.—9

[McGraw, et al. v. Tillery.]

Cyc. 798.   The court was in error in failing to rule on objection to testimony.—*Cooper v. Davidson,* 86 Ala. 367; *Nelms v. Kenna,* 88 Ala. 329.

STALLINGS & DRENNEN, for appellee.   No brief reached the Reporter.

McCLELLAN, J.—T. P. Hudmon became by purchase from heirs or distributees, entitled to share in the estate of John C. Tillery, deceased. *By petition,* which the reporter will summarize, he sought to charge the shares of others in the estate with his reimbursement of the sum alleged to have been expended by him. It must be concluded, from the averments of the petition, that the sums so alleged to have been paid out were not expended, in any legal sense, in the interest or for the benefit of the *estate,* but, to the contrary, for the individual benefit or advantage of those entitled to share therein.   That being the nature and objective of the rights or claims the petitioner would assert and enforce, his remedy was and is by original or supplemental bill, and not by petition to intervene in the administration cause, as was his effort.—*Ex parte Printup,* 87 Ala. 148, 6 South. 418; *Renfroe v. Goetter,* 78 Ala. 314; *Talladega Mercantile Co. v. Jenifer Iron Co.,* 102 Ala. 259, 14 South. 743.   The alleged rights or claims of petitioner are, necessarily, independent of those determinable within the proper sphere of the chancery process of administration of an estate.   The court erred, therefore, in overruling the demurrers to the petition.

Reversed and remanded.   All the Justices concur.