# Reynolds *v.* Lee, *et al.*

*Bill to Enjoin Foreclosure and to Redeem.*

(Decided November 12, 1912.　60 South. 101.)

1. *Statutes; Construction; Adoption After Construction.*—Where a statute has received a construction by the Supreme Court and is re-adopted in practically its original language it must be deemed to have been re-adopted with the construction placed thereon.

2. *Court; Stare Decisis.*—Under the rule of stare decisis a decision that the amendment to Code 1896, section 2630, made by Acts 1901, page 164, as embodied in section 4623, Code 1907, relieved a borrower of money at usurious interest from paying. more than the principal borrowed is valid, although given effect in favor of debtors whose usurious obligations were made prior to the adoption of the amendment, will be adhered to.

3. *Constitutional Law; Impairing Obligation of Contract.*—The amendment of section 2630, Code 1896, by Acts 1901, p. 164 (now section 4623, Code 1907) is not invalid, as impairing the obligation of contracts although applied to obligations incurred prior to the said amendment as the amendment merely relieved the borrower of a burden not imposed on him by contract and not resulting from it, although the debtor was required by a rule in equity to pay legal interest to obtain equitable relief against a usurious contract.

4. *Same; Valid Contract.*—The remedies for the enforcement of obligations which exist when a contract is made must be left unimpaired; or, if changed, a substantial equivalent must be provided; this rule, however, can be invoked only in favor of a valid contract and cannot be invoked to the enforcement of obligations denounced by law and opposed to the public policy of the state.

APPEAL from Barbour Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by A. T. Lee and another against R. D. Reynolds, to restrain foreclosure proceedings and to decree cancellation of the mortgage upon payment of the sum found to be due. From a decree granting the relief respondent appeals. Affirmed.

H. L. MARTÍN, for appellant.　The Act 1901, page 164, now appearing as section 4623, Code 1907, was passed some years after the contract was entered into and to

construe it as applicable to this contract so as to avoid all payment of interest because of the usury in the mortgage would be to impair the obligation of the contract which is not permitted by our constitution.— *Powell v. Crawford,* 110 Ala. 294; *Gross v. Coffee,* 111 Ala. 466. The rule in chancery has been all along that a mortgagor will not be granted relief for his usury except upon the payment of legal interest.—*Pearson v. Bailey,* 23 Ala. 537; *Turner v. Merchant's Bank,* 126 Ala. 297. It has thus become a rule of property and cannot be impaired.—18 Ala. 698; 34 Ala. 53; 103 Ala. 130; 19 Law Ed., 490; 92 Ala. 176.

A. H. MERRILL & SON and PEACH & THOMAS, for appellee. The case of *Barclift v. Fields,* 145 Ala. 264, is conclusive of the contentions advanced in this case by appellant and must result in an affirmance of the case.

SOMERVILLE, J.—The only question presented by this appeal is whether section 4623 of the Code of 1907, embodying the act of March 4, 1901 (Acts 1901, p. 164), as it amended section 2630 of the Code of 1896, is, as to such amendatory portion, operative in favor of debtors whose usurious obligations were contracted prior to March 4, 1901. The effect of this amendment to the former statute was to finally abrogate the doctrine of courts of equity that a debtor, who as actor sought equitable relief against a usurious contract, must do equity by the payment of legal interest, as a condition to obtaining such relief.

The precise question here involved was decided by this court in *Barclift v. Fields,* 145 Ala. 264, 41 South. 84, where it was held that a borrower may redeem from a usurious mortgage without paying any interest, although the mortgage debt was created prior to the date

of the amendatory act. Appellant insists that that decision was wrong, and invites us to now reconsider and repudiate it. The argument presented by appellant's counsel in this behalf is an able and exhaustive discussion of the two propositions urged in support of his contention, viz.: (1) That there is nothing to justify a construction of the act which gives it retrospective operation; and (2) that, in any case, to so construe it is to render it in that aspect unconstitutional and void, because violative of the provisions of the state and federal Constitution (Const. Ala. 1875, art. 4, § 56, now section 95, Const. 1901; Const. U. S. art. 1, § 10), which inhibit laws impairing the obligations of contracts.

If there was ever any question as to the operation of the amendatory act on antecedent obligations, its re-adoption by the Legislature as section 4623 of the Code of 1907, *after* the decision in *Barclift v. Fields, supra,* has set that question at rest.

With respect to the other phase of the question, we have given due consideration to the arguments and authorities submitted by counsel, and we are not convinced that the views expressed by Chief Justice WEAK-LEY, and adopted by the court, in *Barclift v. Fields*, are erroneous, and we feel bound by the rule of stare decisis to adhere to that decision; for, as declared by Chancellor Kent, "when a rule has once been deliberately adopted and declared, it ought not to be disturbed, * * * except for very urgent reasons, and upon a clear manifestation of error, and, if the practice were otherwise, it would be leaving us in 'a perplexing uncertainty as to the law."—1 Kent's Com. (13th Eo.) *476.

We do not overlook the principle, so earnestly argued for appellant, that the law as it exists at the time a contract is made enters into and forms a part of the contract itself, and that "this embraces alike those laws

which affect its validity, construction, discharge, and enforcement."—*Antoni v. Greenhow,* 107 U. S. 769, 2 Sup. Ct. 91, 27 L. Ed. 468; *Walker v. Whitehead,* 16 Wall. 317, 21 L. Ed. 357. But it is obvious that the usury statute in force when appellant's mortgage contract was made expressly relieved the debtor from paying any interest·at all, and expressly deprived appellant of any remedy for the collection of interest. As declared by this court in *Hawkins v. Pearson,* 96 Ala. 369, 11 South. 304, appellant's contract was "tainted with an evil and unlawful intent," and infected with the element of "quasi criminality."          ·

So far as his contract is concerned, he acquired thereby no right to recover any interest, and the law, which "entered into and formed part" of it, forbade him from undertaking to collect it. "There can be no civil right," said Mr. Justice Johnson, in *Bank of U. S. v. Owens,* 2 Pet. 527, 7 L. Ed. 508, "when there can be no legal remedy; and there can be no legal remedy for that which is itself illegal." The purpose and effect of the act of 1901 were, not to deprive him of any right inuring to him in this regard from its contract, but to prevent him from securing by a purely collateral means that to which he had no right; in other words, *to give exact effect to his contract as fixed by law,* by removing from the debtor an obligation owed, not to appellant, but only to the court of chancery, and resulting, not from the contract, but from an equitable maxim of that court. Therefore it cannot be justly claimed that any remedy has been taken away from appellant, or its efficiency impaired. It was declared by this court as far back as *Lindsay v. U. S. Loan & Sav. Co.,* 127 Ala. 366, 370, 28 South. 717, 718 (51 L. R. A. 393), in considering this very rule in its relation to usurious contracts, that "the authority of a court of equity to impose those terms is

not conferred by statute, nor is it exercised for the purpose of enforcing *any contractual* right."

It has been uniformly held by the Supreme Court of the United States that a state law abolishing the defense of usury does not unconstitutionally impair the obligation of a contract made under the usury law.— *Satterlee v. Matthewson,* 2 Pet. 380, 7 L. Ed. 458; *Ewell v. Daggs,* 108 U. S. 143, 2 Sup. Ct. 408, 27 L. Ed. 682. "And," said Mr. Justice Matthews, in *Ewell v. Daggs,* "these decisions rest upon solid ground. Independent of the nature of the forfeiture as a penalty, which is taken away by a repeal of the act, the more general and deeper principle on which they are to be supported is that the right of a defendant to avoid his contract is given to him by statute, for purposes of its own, and not because it affects the merits of his obligation, and that whatever the statute gives, under such circumstances, as long as it remains in fieri, and not realized by having passed into a completed transaction, may by a subsequent statute be taken away. It is a privilege that belongs to the remedy, and forms no element in the rights that inhere in the contract. The benefit which he has received as the consideration of the contract, which, contrary to law, he actually made, is just ground for imposing upon him, by subsequent legislation, the liability which he intended to incur."

We can perceive no valid distinction between the principle of that decision and the principle we are here applying; and, mutatis mutandis, the reasoning of that opinion seems equally applicable here. If a subsequent law can take away from the borrower an existing defense, on the theory that it is thereby merely giving effect to the intention of the parties as declared by them in their contract, why cannot a subsequent law also relieve the borrower of a burden, not imposed upon him

[Reynolds v. Lee, et al.]

by contract, and not resulting from it, thereby merely giving operation and effect to pre-existing law?

The preservation of those constitutional guaranties designed . to protect the personal and property rights of the citizen is perhaps the highest duty and the noblest service that inhere in the exercise of judicial power. This court has vigorously and unequivocally maintained the principle of the protection of contract rights against retroactive legislation or judicial decisions, and has pointedly declared "that the remedies for the enforcement of obligations which exist when the contract was made must be left unimpaired by the Legislature, or, if they are changed, a substantial equivalent must be provided."—*Farrior v. N. E. M. Sec. Co.,* 92 Ala. 176, 9 South. 532, 12 L. R. A. 856; *Osborn v. Johnson W. P. Co.,* 99 Ala. 309, 313, 13 South. 776. But this principle can be invoked only in favor of *valid* contracts, and not for the enforcement of obligations denounced by the law, and opposed to the public policy of the state: and herein lies the vice of appellant's whole argument.

The numerous cases cited by appellant's counsel on this proposition do not deal with situations such as this, and we are persuaded they were never intended to apply to such a case. The decree of the chancery court is affirmed.

Affirmed.   All the Justices concur.