(131 So. 223)

### LAMAR v. LINCOLN RESERVE LIFE INS. CO.

### LINCOLN RESERVE LIFE INS. CO. v. LAMAR.

**6 Div. 542, 542A.**

Supreme Court of Alabama.

Nov. 20, 1930.

T. A. Murphree, of Birmingham, for appellant Lamar.

John R. Boyle and Wm. C. Fitts, Jr., both of Birmingham, for cross-appellee Quigley.

Thos. J. Judge and W. B. Harrison, both of Birmingham, and George Bumgardner, of Bessemer, for cross-appellant Lincoln Reserve Life Ins. Co.

BROWN, J. (after stating the facts).

The evidence, along with the admission of the answer of the defendant life insurance company, was prima facie sufficient to carry the burden to the defendant to establish its title or claim. Vidmer v. Lloyd, 193 Ala. 386, 69 So. 480, Ann. Cas. 1917A, 576.

All parties claim title under and through J. Frank Roberson, deceased, and, it appearing without dispute that the mortgage to the life insurance company was executed by Roberson and wife prior to the accrual of the rights of complainant Lamar, and those under whom he claimed, other than Roberson, to secure a loan of money actually advanced to Roberson, if said mortgage was filed for record in the proper recording office, the mortgage in connection with the evidence

showing the loan was sufficient to lift the burden of proof shifted to the defendant by the prima facie case made by complainant's evidence. Code 1923, § 6856; Heflin & Phillips v. Slay, 78 Ala. 180; Truss et al., Executors, v. Harvey, 120 Ala. 636, 24 So. 927.

The appellant life insurance company insists that, by filing the mortgage for record with the judge of probate in Birmingham, it complied with the statute, and that its rights should not be prejudiced by the failure of the judge of probate to record the mortgage in the probate office in Bessemer.

The answer to this contention is the act approved September 16, 1915, General Acts 1915, pp. 549–553, the fourth section of which provides: "That all papers, documents and other things pertaining to the title to property that are authorized to be filed and recorded in any office in such county are hereby *authorized and required to be filed* and recorded in such offices of such officers at such place other than at the county site, as in this act provided for, if the property, affected thereby, or sought to be affected thereby is located within, or partly within the territory within which the cases arising therein may be tried in the circuit court or court of like jurisdiction at such place; provided, however, if such property is located partly within such territory, and partly within the remaining territory of such county, then such instrument, document or paper must be filed and recorded both in the office at the county site, and in such office at such place other than the county site as herein provided for, provided, further, that if such property is located partly within the territory herein provided for, and partly within some other county, then such instrument, document or paper may be recorded at the place herein provided for, and also in the proper office in the other county. Such records in either of the events in this section provided for shall operate in all respects just as though the same had been filed and recorded in the offices of the respective officers in the county site of such county. All such records so made shall be kept at the place herein provided for, and not at the county site. Provided that the deputy or officer in charge of such office shall, at the close of each day, make out and mail to the office at the county site, an abstract of all papers filed during that day affecting the title to property, which abstract shall state the character of the instrument, the names of the person or persons mentioned therein, the description of the property affected thereby, the date thereof, and the consideration, and the probate judge shall keep a record of such abstracts at the county site." (Italics supplied.)

Before the passage of the act under consideration by an act passed February 28, 1901 (Weekley's Local Laws, Jefferson County, p. 115 et seq.), the county was divided into two judicial divisions.

An act with similar provisions relating to Blount county was before the court in Griffin v. Karter, 116 Ala. 160, 22 So. 484, litigation arising over a chattel mortgage, and it was there observed: "We construe the act of February 14, 1893, having relation to the recording of conveyances, etc., at Bangor, in Blount county, taken in connection with the act of February 13, 1891, dividing said county, for certain purposes, into two parts, to be known as the Eastern and Western divisions, respectively (Acts 1892–93, pp. 587–589; Acts 1890–91, pp. 592–594), to practically make two counties of the county of Blount for all the purposes of recording conveyances of real and personal property, and imputing notice of conveyances by the fact of registration. * * * These considerations enforce the conclusion that, after the passage of the act of 1893, there was no warrant of law for the registration of a mortgage, executed by a resident of the western division of Blount county on personal property at the time in said division, in the office of the judge of probate at Oneonta, on the books there kept for the Eastern division of said county, and that such registration of such mortgage did not import notice of its existence."

The case at bar, in respect to the question now under consideration, is ruled by that decision, and it must be held that the filing of the mortgage in the probate office in Birmingham was without warrant of law, and such filing was inefficacious as importing notice of the existence of said mortgage.

The contention that the act is a local law and was passed in violation of the Constitution was considered in Board of Revenue of Jefferson County v. Huey, 195 Ala. 83, 70 So. 744, and the act was upheld. That decision has stood for more than a decade without question, and no doubt rights have accrued and titles have been acquired on the faith of its soundness. The doctrine of stare decisis, therefore, forecloses further examination as to the constitutional integrity of the act on that ground. Reynolds v. Lee, 180 Ala. 76, 60 So. 101; Board of Revenue of Shelby County v. Farson, Son & Co., 197 Ala. 375, 72 So. 613, L. R. A. 1918B, 881.

As between the complainant, Lamar, and the defendant, Lincoln Reserve Life Insurance Company, the averments of the statutory bill and the answer specifying and settling further "the title, claim, interest, or incumbrance so claimed," in compliance with section 9907, presented every issue necessary to an adjudication of the claims of the parties, as to their respective titles, claims, or incumbrances, and the extent thereof, including the claim of the complainant that he was a bona fide purchaser without notice. Reeder v. Cox, 218 Ala. 182, 118 So. 338.

The mortgage of the life insurance company having been executed prior to the ac-

crual of the rights of Braley, Sullivan, and Florida P. Roberson, under whom the complainant claimed, the burden was on complainant to show purchase and payment in the first instance. This shown, the burden shifted to the defendant to show actual notice or its equivalent, knowledge of fact sufficient to put the complainant or his immediate predecessors in title, Braley and Sullivan, on inquiry, which, if followed up, would have brought knowledge of the mortgage. Reeder v. Cox, supra; Hatter et al. v. Guina et al., 216 Ala. 225, 113 So. 47; Ely v. Pace, 139 Ala. 293, 35 So. 877.

Though it be conceded that Florida P. Roberson, who joined in the execution of the mortgage to the insurance company, by her redemption from the execution sale, acquired the title of Sullivan, and, if she had acquired by purchase, she would be entitled to protection as an innocent purchaser without notice, if Sullivan was such purchaser, we know of no principle of law or equity that extends such protection to a redemptioner. She as redemptioner took the title with its infirmities arising from the acts of herself and her husband. Therefore, for the complainant to meet and carry the burden resting upon him, it was incumbent on him to show purchase and payment, and the recitals in the conveyance made by Mrs. Roberson to him, and like recitals in the mortgage given by him to Mrs. Roberson, to which the defendant insurance company was not a party, and under which it did not claim, were res inter alios acta, and were not evidence against the defendant insurance company. Georgia Loan & Trust Co. v. Butler, 214 Ala. 390, 107 So. 863.

The complainant having failed to show payment, it was not necessary for the defendant to show notice. Georgia Loan & Trust Co. v. Butler, supra; Hodges v. Winston, 94 Ala. 576, 10 So. 535; Ely v. Pace, supra.

The complainant, therefore, having failed to show a superior right or title to that acquired by the Lincoln Reserve Life Insurance Company, through the mortgage executed by Roberson and wife, the trial court properly denied him relief. The ruling of the court as to the sufficiency of complainant's pleas to the cross-bill, setting up facts in avoidance of the cross-complainant's asserted right to redeem, if error, was without injury.

If it be conceded that Sullivan and Mrs. Roberson were properly made parties to the statutory cross-bill, appellant's contention that the dismissal as to them operated as res adjudicata as to him is without merit. After Sullivan and Mrs. Roberson were stricken as parties by amendment they went completely out of the case, and no necessity existed for dismissing the bill as to them. That part of the decree was therefore abortive.

The statute, Code of 1923, § 6550, provides that: "A defendant may obtain relief against *a party complainant or defendant* for any cause connected with, or growing out of the bill, by alleging in his answer, and as a part thereof, the facts upon which such relief is prayed. The matters or facts thus alleged and put in issue must be considered in the nature of a cross bill and be heard at the same time as the original bill. It shall not be necessary to issue a summons to any defendant in the cross bill, *except those who are not complainants in the original bill.*" (Italics supplied.)

This statute does not authorize the defendant to bring in an outsider to contest with the complainant or embarrass his rights to relief by multiplying the issues, compelling him to litigate about matters in respect to which he is not materially interested. Wright v. Godfrey Frank et al., 61 Miss. 32.

The facts of this case illustrate the vice of such practice. If, as contended by the life insurance company, the execution sale is void, Quigley, who was not a party to the original bill, but was brought in by the answer and cross-bill, if he could show that he advanced money to Mrs. Roberson to discharge valid liens on the property, would be entitled to equitable subrogation, and to this end he would be compelled to file a cross-bill to a statutory cross-bill, an anomaly in equity proceedings.

The utterances in Shields v. Barrow, 17 How. 130, 15 L. Ed. 158, were quoted with approval in Ex parte Printup, 87 Ala. 148, 6 So. 418, 419, to the effect that: " 'If the plaintiff desires to make new parties, he amends his bill and makes them. If the interest of the defendant requires their presence, he takes the *objection of non-joinder*, and the plaintiff is forced to amend or his bill is dismissed. If at the hearing the court finds that an indispensable party is not on the record, it refuses to proceed. These remedies cover the whole subject' of the introduction of new parties into a pending cause." If an outsider wanted to come in of his own motion, he must file an original bill in the nature of a cross-bill. Ex parte Printup, supra; City Bank & Trust Co. v. Leonard, 168 Ala. 404, 53 So. 71; McGraw v. Tillery, 176 Ala. 451, 58 So. 421.

Judge Storey in his work on equity pleading, note page 374, taking account of Shields v. Barrow, observes: "Again it seems settled, notwithstanding the dictum of Judge Curtis in Shields v. Barrow, 17 How. 130, 135 [15 L. Ed. 158], that new parties may be added by cross-bill which is filed for affirmative relief." But the connection in which this statement was made shows that he was speaking of an original bill in the nature of a cross-bill such as might, under the English practice, be filed

in a court other than the court wherein the original bill was pending. Storey Eq. Pl. § 400. This practice, of filing such cross-bill in a court other than that in which the original bill is pending, has not been recognized by the courts of this country, state or federal.

In Bell v. McLaughlin, 183 Ala. 548, 62 So. 798, 799, a proceeding in which no attempt was made to bring in outside parties, citing the note quoted from Storey, it was observed that a cross-bill might be exhibited "against any others who, though not parties to the original bill, are necessary parties to the cross-bill." The court was there "generally speaking" of the different classes of cross-bills.

In the more recent case of Behan et al. v. Friedman et al., 216 Ala. 478, 113 So. 538, it was held that a statutory cross-bill which sought to bring in an outsider was demurrable for misjoinder of such outside party.

In the sense of the statute, " 'a cross bill ex vi terminorum, implies a bill by a defendant against the plaintiff in the same suit, or against other defendants in the same suit, or against both, touching the matters in question in the original bill.' " Continental Life Ins. Co. v. Webb, Adm'r, 54 Ala. 688, 694.

Another principle well established is that a cross-bill cannot be maintained where the party filing it can obtain all the relief to which he is entitled under his answer to the original bill. The reason for this rule is: "It is unnecessary, adds to the cost, and tends to confusion; and without the restriction, cross-bills would be multiplied at the mere election of defendants." Gilman, Sons & Co. v. New Orleans, etc., R. Co., 72 Ala. 566, 579.

All the relief to which the defendant, life insurance company, was entitled was to have its title established as superior to the claim of the complainant, and full relief to this end was grantable under the statutory answer to the original bill. Code 1923, § 9907; Reeder v. Cox, 218 Ala. 182, 118 So. 338; Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217.

In view of these principles the circuit court should have dismissed the cross-bill, without prejudice to parties improperly brought in, and it is so corrected, and, as corrected, will be affirmed. McGlathery v. Richardson Bros. & Co., 129 Ala. 653, 29 So. 665.

The appellant Lamar is taxed with the costs on his appeal, and the cross-appellant, Lincoln Reserve Life Insurance Company, is taxed with the costs on the cross-appeal, each paying one-half of the costs of the transcript.

Affirmed on main appeal, and corrected and affirmed on cross-appeal.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.