I am on the horns of a dilemma! I can dissent and allow a Special Justice to decide this case, or I can concur in the result and satisfy myself that this decision will not jeopardize the fundamental law of Alabama.
I adhere to the views I expressed in my dissent in United Companies Lending Corp. v. McGehee, 686 So.2d 1171, 1179 83 (Ala. 1996), and my special writing in Ex parte Watley, 708 So.2d 890,898-99 (Ala. 1997); and I fervently believe 1) that United Companies Lending Corporation is an approved mortgagee under the provisions of the National Housing Act and that it is exempt under Ala. Code 1975, § 5-19-31, from the provisions of Alabama's Mini-Code; and 2) that Ala. Code 1975, § 5-19-4, did not amend § 8-8-5. However, this Court has held otherwise. If I continue to dissent, by disregarding the doctrine of stare decisis, there will be a 4-4 division on this Court, and it will be necessary for the appointing authority to appoint a Special Justice to cast the deciding vote in this case. In my opinion, a Special Justice should be and would be bound by this Court's decisions in McGehee and Watley. Following the doctrine of stare decisis, I concur in the result, for the following reasons.
I am persuaded that some of the statements of law in Justice Kennedy's writing in this case are erroneous, even if the holdings in McGehee and Watley are the law. If I dissented to the opinion as a whole, and a Special Justice was appointed, then these erroneous statements might also become holdings of this Court. To keep this from happening, I concur in the result.
I am satisfied that the 1996 amendments to the Mini-Code did not violate Article I, § 13, of the Alabama Constitution of 1901. See Tyson v. Johns-Manville Sales Corp., 399 So.2d 263, 269
(Ala. 1981), and State Board of Optometry v. Lee Optical Co.,284 Ala. 562, 226 So.2d 623 (1969). Justice Kennedy's conclusion to the contrary causes me to fear that the specter of Grantham v.Denke, 359 So.2d 785 (Ala. 1978), may be returning to deprive the Alabama legislature of its constitutional right to make and to change the law. In his dissent in Fireman's Fund American Ins.Co. v. Coleman, 394 So.2d 334, 355-58 (Ala. 1980), Justice Beatty exposed the fallacy upon which Grantham was based, and in my opinion in Reed v. Brunson, 527 So.2d 102 (Ala. 1988), I forcefully demonstrated why the holding in Grantham should never have been the law. I do not want the holding in Grantham
reestablished as the law in Alabama. I am also satisfied that the 1996 amendments did not violate Article I, § 22, of the Constitution. See Ewell v. Daggs, 108 U.S. 143, 150-51,2 S.Ct. 408, 27 L.Ed. 682 (1883), and Reynolds v. Lee, 180 Ala. 76,60 So. 101 (1912). I dissent as to Justice Kennedy's statements with respect to these issues (i.e., his statements that applying the 1996 amendments to § 5-19-19 to these plaintiffs' claims would violate § 13 and § 22), so that those statements do not become holdings of this Court.
The plaintiffs commenced this action before the legislature amended the Mini-Code in May 1996. The legislature's otherwise permissible retroactive remission of the statutory penalty set out in § 5-19-19, see City of Mobile v. Merchants NationalBank of Mobile, 250 Ala. 169, 163, 33 So.2d 457, 460 (1948), cannot pass constitutional muster in this particular case, because the legislature amended § 5-19-19 after the plaintiffs had filed this action. Article IV, § 95, of the Constitution provides: "After suit has been commenced on any cause of action, the legislature shall have no power to take away such cause of action. . . ." A "cause of action" is defined inBlack's Law Dictionary (6th ed. 1990) as "[a] situation or state of facts which would entitle [a] party to sustain [an] action and give him [the] right to seek a judicial remedy in his behalf." When they filed this action, the plaintiffs had a particular remedy under § 5-19-19. That remedy included the right to collect a penalty for a lender's making an excessive finance charge. *Page 626 
By amending § 5-19-19 and reducing the penalty portion of the plaintiffs' statutory remedy, the legislature impermissibly impinged upon the plaintiffs' cause of action. The last sentence in § 95, which is clear on its face, provides a "safe harbor" for these particular plaintiffs.
I do not reach the question of what the plaintiffs are entitled to under § 5-19-19 as it read before the 1996 amendment.
I concur in the result only.