# Stammers *et al* v. McNaughten *et als.*

*Bill in Equity to enforce Vendor's Lien; and Cross-bill to enforce Mechanic's Lien and Seeking to settle Partnership Accounts.*

1. *Necessary parties; minors represented by guardian ad litem; erroneous decree.*—Where title to real estate is partly vested in certain minors, such minors are necessary parties to a bill and cross-bill seeking to divest them of their title, and it is proper for their guardian *ad litem* to appear and deny the averments of such bills affecting their interest. And before their titles can be so divested, such averments must be proved, and if there is no note of such proof in the record, the error of a decree divesting them of their title can not be overlooked, even though there is no special assignment, or notice in argument, of such error.

2. *The rights of the several parties to the bill and cross-bill* in this case, are so presented, that the court feels at a loss in simply intimating an opinion on their priorities. They are merely stated without comment.

3. *Practice; when partnership accounts can not be settled by cross-bill.*—A files a bill to enforce vendor's lien against B, since deceased, and former partner of C & D, who, by cross-bill, set up a mechanic's lien for improvements made upon the land sold to B by A, while B was in possession, and a partner of C & D, in building and contracting—*held*, that C & D can not,

as surviving partners of the old firm, settle in their cross-bill their partner-ship dealings with B's estate; but they can, with proper averments, put in issue and try such dealings for the purpose of showing how much they are entitled to receive of the debt due them as builders and material men.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. B. B. McCRAW.

On the 30th of January, 1874, appellees, Cornelia J. McNaughten, Wm. H. Tyson, and Wm. W. Gordon, filed their bill against C. B. Streater (executor of one Milton H. Streater, deceased), Elizabeth Streater and her minor children, and W. E. Stammers and J. C. Stephens (appellants). The bill averred, in brief, as follows: "About the fourth day of May, 1873, Cornelia McNaughten sold to Milton H. Streater a certain piece of land in Eufaula for $1,000, for which said Streater executed his promissory note, payable on the first day of January, 1874, with interest. Said Streater took and remained in possession until his death, on the 18th of September, 1873. Said Streater left a will, which has only been admitted to probate, and C. B. Streater was qualified as executor. Under said will, the following parties were the only devisees and legatees: Elizabeth Streater and her children, Robert Lee Streater, John C. Streater, Isadore Streater, and an infant, whose name is unknown to complainants; the said Elizabeth Streater being over twenty-one, and her said children being under fourteen years of age, the latter having no guardian. About said fourth day of May said Milton H. Streater, in connection with said Stammers & Stephens, constructed some improvements upon said real estate. No deed was delivered to said Milton H. Streater by said Cornelia McNaughten, until the 24th of July, 1873. All of said note is still past due and unpaid, except the sum of $125, paid about the 29th of June, 1873. On or about the seventh of July, 1873, the said Milton H. Streater executed to complainants, Tyson and Gordon, a mortgage-deed upon said real estate, together with other property therein specified. Said Tyson and Gordon concede the prior lien and equity of complainant, McNaughten, and only seek to enforce said mortgage on what is left after she shall have been paid." The prayer of the bill is to have a guardian *ad litem* appointed to represent the said minors, and for a decree in favor of the equity of complainants in the order of their priority, and for reference to a master to ascertain and report the amount due from said M. H. Streater to said McNaughten, and Tyson and Gordon respectively, and for a decree confirming the report, and for a sale of the real estate to pay said amounts, &c., and for general relief.

[Stammers et al. v. McNaughten et als.]

On March 17, 1874, said Stammers & Stephens filed their answer and cross-bill, in brief, as follows (admitting matters in the bill not here noted): "These respondents knew nothing of the time and terms of the sale, though they admit the sale of the real estate from McNaughten to Streater; that at and before the death of said M. H. Streater, these respondents were partners with said Streater in a saw and grist mill and variety works business, being also builders and contractors for the erection of buildings and other mechanical work, and their firm name was Stammers, Stephens & Co. They admit that said M. H. Streater furnished the land or lot occupied by the mills, work-shops, &c., of said firm, and they aver that said Streater put in said lot as a part of his capital in the business, valuing the same at $1,100; and on information and belief, they deny that said lot upon which said mill, &c., was located, was ever owned by complainant, McNaughten, or ever sold by her to said Streater—her deed to said Streater being for lot number 34, and the lot so occupied being for lot number 33; and they aver that said lot so occupied is the property of .said partnership, of which these respondents are the only surviving partners. These respondents charge that said McNaughten was indebted to said Streater at the time of his death in a sum equal to, if ,not greater than any balance unpaid in said note. Respondents also claim that in 1873, and before the seventh of July, the said M. H. Streater being in possession of the premises conveyed to him by said McNaughten, employed the said firm to erect two dwelling-houses, out-houses, fencing, and to make repairs, &c., which said houses, &c., were built, &c., by said firm, and the value of said premises thereby greatly increased; that these respondents furnished all the lumber, fencing, and material for such purpose, and that said Streater is indebted to said firm for said improvements, $3,381, and interest, and to these respondents as surviving partners; and as surviving partners these respondents claim a mechanic's lien upon said premises; that at the time said improvements were made these respondents knew nothing of complainants' lien. Respondents further aver that said Streater was indebted to said firm, and it will take more than all the partnership property, including the lot upon which the mill, &c., is situated, to pay the partnership debts, and there will be but little, if anything, going to said Streater, after such debts are paid, or which can be charged with the payment of Streater's indebtedness to said firm; that it would be equitable to first apply said Streater's interest to his indebt-

[Stammers et al. v. McNaughten et als.]

edness to said firm, which is unsecured by said mechanic's lien." The cross-bill prays for an account to determine what said Streater owes said firm, and what the assets of said firm are above its obligations, so as to fully settle up the firm business. It also prays for a decree to vest the title of said lot as occupied by the mill, &c., in said Stammers & Stephens, and to divest the same out of the legatees of said M. H. Streater; and also for a mechanic's lien to be declared upon the premises conveyed by said McNaughten to M. H. Streater, and that the same be declared prior to the liens claimed by McNaughten, and Tyson and Gordon, and that the same may be enforced by sale, &c., if necessary.

Said complainants, McNaughten, and Tyson and Gordon, filed separate answers to the cross-bill, denying the existence of the mechanic's lien, at least as a prior lien to their's. J. M. B. Welburn consented to act as guardian *ad litem* for the said minors, and filed an answer for them to the original and cross-bills, denying the averments of the same so far as they affect said minors.

The case being submitted on the original and cross-bills, and answers, the chancellor decreed that the complainant, McNaughten, had the first and prior lien upon said real estate, buildings, &c., and that said Tyson and Gordon have the second lien upon the same, that Stammers & Stephens have the third and subsequent lien, to the ascertainment of which a reference was ordered. The interest of the minors were not noticed in the decree. The defendants, Stammers & Stephens, now assign the decree as error.

OATES & MCKLEROY, for appellants.

F. M. WOOD, for appellee, McNaughten.

S. H. DENT, for appellees, Tyson and Gordon.

STONE, J.—1. Not to notice several averments of fact both in the original and cross-bills, which are not admitted in the answers of the adults, it can not be overlooked that to each of those bills the infant children of Mr. Streater are parties; for these infants' answers were put in by their guardian *ad litem*, denying the averments of the bill and cross-bill, as it was his duty to do. The title to the real estate in controversy was mainly in those minors, and each bill sought to divest them of their title. Before this could be lawfully done, the material averments of the bills should have been

[Crowe v. Reid et al.]

proved. Yet, there is neither proof nor a note of the testimony in this record. In fact, no proof—not even the documentary—appears to have been offered. This error, although not specially assigned, is fundamental, and we can not overlook it.

2. The rights of the several parties are so presented, that we feel at a loss in simply intimating an opinion on their priorities. The McNaughten claim appears to be the first lien. Tyson and Gordon do not so set forth their claim as to constitute themselves purchasers.—See *Wells v. Morrow,* 38 Ala. 125.

3. Stammers & Stephens can not, in their cross-bill to this suit, settle their partnership dealings with Streater's estate; but they can put in issue and try so much of their partnership dealing—even the whole of them, if necessary—for the purpose of showing how much they, as surviving partners, are entitled to receive of the debt due them as builders and material-men. This, however, must be on proper averments, showing that Streater is indebted to the partnership on *partnership accounts.*

Reversed and remanded.