# Harton *v.* Little.

*Appeal From Dismissal of Bill Carrying Cross-bill.*

(Decided Dec. 16, 1909.   Rehearing denied Feb. 26, 1910.
51 South. 974.)

1. *Insane Person; Effect of Insanity.*—One does not become civilly dead because adjudged non compos mentis.

2 *Same; Action Against. Pleadings.*—The adjudication of the insanity of defendant does not have the effect of striking his answer, interposed to the bill when sane, but it remains a statement of his defense and the denials of such answer puts complainant to the proof of the allegation of the bill against which the answer was directed.

3. *Same.*—Where a defendant interposed an answer to a bill when sane and the guardian and guardian ad litem appointed for him upon his adjudication of incompetency, answered by adopting the answer of defendant, an amended answer, whereby the adoption of the original answer was stricken, did not have the effect of eliminating the answer because of the fact that the guardian and guardian ad litem of the defendant made the amendment, since such guardian and guardian ad litem assumed the obligation to defend and enforce the rights of his ward on the state of the pleading in the case when he was made a party thereto.

4. *Equity; Pleading; Cross Bill.*—A cross bill cannot justify affirmative relief where its allegations are directly opposed to the allegations in the original answer, and hence, a cross bill, praying for affirmative relief on the theory that one held legal ·title as trustee for complainant in the cross bill, cannot be maintained where the original answer alleged that the holder of the legal title was a bona fide purchaser.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Bill by William M. Little against Hugh M. Harton, to which Harton filed an answer. Harton was afterwards adjudged insane and Charles B. Powell was appointed guardian and guardian ad litem, and filed a cross bill, seeking affirmative relief. There was a decree dismissing the original bill at the instance of the complainant, after the interposition of the cross bill, carrying the cross bill out with it. From this decree the guardian ad litem appeals. Affirmed.

[Harton v. Little.]

S. C. M. Amason, John C. Carmichael, and C. B. Powell, for appellant. The decree was such a decree as will support an appeal.—*Etowah M. Co. v. Wills V. M. & M. Co.*, 121 Ala. 672. The guardian ad litem can appeal from a final decree affecting the rights of his ward.—*Griswold v. Thornton*, 129 Ala. 454. The dismissal of the bill as amended as to the defendant and his guardian carried with it the dismissal of the answer and cross bill filed by the guardian.—*Vandiford v. Stovall*, 117 Ala. 344; *Etowah M. Co. v. Wills V. M. & M. Co. supra.* Harton and his guardian were necessary parties.—*Johnson v. Little*, 141 Ala. 382. The guardian has a right to have his cross bill tested by demurrer or motion to dismiss for want of equity, and if sufficient to have it answered and proof taken on it as to the verity of its averments.—*Ex parte Woodruff*, 123 Ala. 99; *Vandiford v. Stovall, supra.*

A. Latady, for appellee. The amended answer of the guardian ad litem in his representative capacity superseded and set aside entirely the answer filed by Harton and others so far as Harton was concerned.—9 Enc. P. & P. 682-4; 15 Id. 584; 611, 614, 615 and 661; 1 Id. 490, 626 and 632; *Wilkerson v. May*, 69 Ala. 33.

McCLELLAN, J.—This appeal is from a decree dismissing, at complainant's instance, the original bill as against Hugh M. Harton and Charles B. Powell as guardian and as guardian ad litem of Hugh M. Harton after such guardian and guardian ad litem had interposed a cross-bill in the cause. The contention of the appellant is that the cross bill set forth ground for equitable relief, growing out of the subject-matter of the original bill, independent of the averments of the original bill. The principle appealed to is well recognized.

—*Etowah Mining Co. v. Wills Valley Mining Co.,* 121 Ala. 672, 25 South. 720. The inquiry now propounded is: May the appellant invoke the principle with the result that the decree appealed from can be pronounced prejudicially erroneous? In our view the detremination of the question depends, in this instance, upon the state of the pleadings interposed by Hugh M. Harton and his guardian and guardian ad litem.

William M. Little was the original complainant; Hugh M. Harton, Lula B. Harton, his wife, and R. D. Johnston, and Lizzie J. Johnston, his wife, were the original respondents. The theory of the bill was that Harton and Johnston bore confidential relations to complainant in the purchase of certain real estate in Jefferson county; that they breached, or so conspired, the trust and confidence reposed; and that the purchase was effected, but, by fraudulent acts and representations practiced by Harton and Johnston on complainant in or about the transaction, complainant was induced to and did pay the total purchase price of the real estate for an only one-half interest therein. The prayer of the bill sought such relief as the relation of trust and confidence in the premises, so breached, justified, including the investiture in complainant of the full title to the subject of the purchase. The answers of these respondents denied the inculpating allegations of the bill, embracing a denial of the existence, at any time, of any relation of trust and confidence between them, or any one or more of them, and complainant. It is not now important to rehearse the other averments of the answers, except as will later appear.

Hugh M. Harton's answer, interposed by him jointly and severally with his wife, Lula B. Harton, averred, among other things: "That Lula B. Harton acquired title to said undivided half interest (the other was ad-

[Harton v. Little.]

mitted to belong to complainant, we explain) in the manner hereinbefore set forth in this answer, and that the circumstances under which she acquired said title make her a bona fide purchaser and owner thereof for a valuable consideration paid, and that she did not acquire said title through her agent and husband, H. M. Harton. And respondents deny that said interest in said lands was conveyed to said Lula B. Harton as a part of a scheme concocted to have the same conveyed to her for the benefit of said H. M. Harton, and deny that she is now holding the same for his benefit." The bill was subsequently often amended, but none of the amendments altered the original theory of the bill nor so changed the averments thereof as to eliminate the matter quoted from the tenth paragraph of the joint and several answers of Hugh M. Harton and Lula B. Harton. Afterwards Hugh M. Harton was, on inquisition of lunacy, adjudged insane. Charles B. Powell was appointed his guardian and made a party defendant and was also constituted Harton's guardian ad litem in this cause. Powell, in his representative capacity, answered the bill, as then last amended, by adopting the answer of Harton from which the foregoing quotation is taken. Latterly, the answer of the guardian and guardian ad litem was amended by striking out the adoption stated, and an extended answer to the bill as it then stood was filed by the guardian and guardian ad litem, and this answer was made a cross-bill. The answer, so made the cross-bill, is very voluminous; but there is no mistaking its theory, read from its averments, to be that Lula B. Harton as the purported repository of the legal title to an undivided half interest in the real estate, held the same as the trustee, and for the benefit, of Hugh M. Harton, a theory for affirmative relief patently and immediately opposed to the matters of fact averred, as

[Harton. v. Little.]

quoted, in the original answer of Hugh M. Harton to the original bill.

One adjudged non compos mentis is not civilly dead. —*McAnally v. Alabama Hospital,* 109 Ala. 109, 19 South. 492, 34 L. R. A. 223, 55 Am. St. Rep. 923. The dementia of Hugh M. Harton did not effect to strike from the file his answer, interposed when sane, to the original bill. It remained a statement of his defense to the bill. Its denials availed, and so continued, to put the complainant to proof of the bill's every material allegation against which it (answer) was directed.

A diligent search of the record fails to discover any action invoked or taken whereby the original answer of Hugh M. Harton was eliminated from the cause. No amendment sought or effected by the guardian or the guardian ad litem purported to take the original answer out of the cause. The amendment of the answer of the guardian and guardian ad litem, whereby the adoption of the original answer was stricken from the answer and cross-bill, cannot be given the effect of having eliminated the original answer. It may be as the course taken indicates, that the guardian and guardian ad litem considered it necessary, in order to retain the original answer, that he adopt it. Such was not the case. He became a party to the cause, and assumed the obligation to defend and enforce his ward's rights, in the state and plight of pleading in which the cause was when he was made such party thereto.

Such being the state of the pleading, in respect to Hugh M. Harton and his asserted defenses and rights, it is evident that the allegations on which Harton's right to affirmative relief, upon the cross-bill, rest, are directly opposed to those set forth, as indicated, in his original answer. No right to affirmative relief, on cross-bill, can grow out of such inconsistency.—*Dill v.*

*Shahan,* 25 Ala. 694, 703, 60 Am. Dec. 540; *Graham v. Tankersley,* 15 Ala. 634, 646; *Hatchett v. Blanton,* 72 Ala. 423; 16 Cyc. 333. Accordingly, had the cause, as regards appellant, gone on to final submission in the state of the pleadings indicated, a dismissal of the cross-bill would have been proper, unless, with the effect to impute error to the court below, it is now assumed that amendment, avoiding the inconsistency. would have been made before dismissal of the original bill as to Harton and his representative was entered. Such an assumption will not be indulged with the view to reversal, if otherwise so resulting.

The decree appealed from was without prejudicial error to appellant. It is, for the reasons stated, affirmed.

Affirmed.

SIMPSON, ANDERSON, and MAYFIELD, JJ., concur.