(81 South. 571)
METCALF v. GRIFFITH et ux.   (4 Div. 814.)

(Supreme Court of Alabama.   May 1, 1919.)

1. MORTGAGES ☜455—FORECLOSURE—CROSS-BILL.

In view of Code 1907, § 3118, where mortgagee files bill for foreclosure, mortgagor's cross-bill, alleging conveyance of the land to mortgagee in consideration of the amount of the balance due on mortgage debt, reserving to mortgagor right to reconveyance upon payment of the amount of such consideration, and praying that, if mortgage debt was not paid in full, mortgagee's agreement to reconvey be enforced on his receiving payment of necessary amount, held to possess equity, to be appropriate to end prayed for, and not demurrable.

2. EQUITY ☜30(1)—COMPLETE RELIEF.

Equity's desire and purpose is to completely ascertain and determine in a single proceeding the rights and interests of all who may properly be brought within its jurisdiction.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Bill by P. M. Metcalf against G. D. Griffith and wife, in which G. D. Griffith files cross-bill against his wife and complainant. From a decree overruling a demurrer to cross-bill, complainant appeals. Affirmed.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

W. O. Mulkey, of Geneva, for appellant.

C. D. Carmichael, of Geneva, for appellees.

McCLELLAN, J. This appeal is from a decree overruling appellant's demurrer to the amended cross-bill of G. D. Griffith. A succinct statement of the substance of the case made by the amended original bill (filed October 1, 1917) and the amended cross-bill will foreshadow the correct conclusion.

The bill, original and as amended, seeks the foreclosure of a mortgage for $4,194.10 and for future advances, executed by G. D. Griffith and wife, Emma, to appellant on December 18, 1913; the debt maturing on October 1, 1914. The mortgage covered 120 acres of land described therein. In the amended bill it is affirmatively averred that Emma Griffith was not liable for the mortgage, debt, nor did she have any interest in the land described therein, and thereupon the averment is made that she was not a necessary party to the bill. The amended cross-bill, to which G. D. Griffith was the sole party complainant constituted the appellant and Emma Griffith, complainant's wife, the cross-respondents. The facts, necessary to be now stated, set forth therein, disclosing its theory and pointing the measures of affirmative relief desired, are these: That the mortgage exhibited with the bill has been paid and satisfied; assuming mistake in this avowal, that the net balance of the mortgage debt became merged into a contract (of date December 30, 1914) that took this form: A deed by Griffith and wife to appellant, conveying what was intended to be the land described in the bill, upon a recited consideration of $3,500 (the then supposed amount of the balance of the mortgage debt), bearing this reservation of right to a reconveyance of the land:

"It is understood and agreed by both parties that the grantees, the said G. D. Griffith and wife, shall have the right and privilege to have the land herein described and conveyed reconveyed to them at any time they pay the amount of the consideration of this deed, to wit, $3,500, to the said P. M. Metcalf on or before January 1, 1918, and the said P. M. Metcalf hereby agrees to reconvey the said land as aforesaid upon receipt of the said purchase price, to wit, $3,500."

On March 7, 1916, another conveyance, corrective of errors in the first, was made by Griffith and wife to appellant, upon a recited consideration of "one dollar," which instrument bore this reservation:

"It is understood and agreed by both parties aforesaid that the grantors, the said G. D. Griffith and wife, shall have the right and privilege to have the lands herein described and conveyed reconveyed to them at any time they pay to the said P. M. Metcalf the sum of thirty-three hundred dollars ($3,300), provided said payment is made on or by January 1, 1918. This being a security deed, the right of re-demption is hereby retained. This deed is given for correction of a deed executed by the undersigned to the said P. M. Metcalf on the 30th day of December, 1914, which deed is recorded in the office of the judge of probate, Geneva county, Alabama, in Deed Record I–1, on pages 289 to 290."

On November 28, 1910, prior to the execution of the mortgage to appellant, Griffith and wife executed a mortgage on this land, and other property, to J. J. Hughes, to secure a debt of $1,887. This mortgage was marked paid and satisfied by Hughes on December 22, 1913, four days after the mortgage to appellant was executed by the Griffiths. It is alleged in the cross-bill that the requisite proportion of the money borrowed from appellant by G. D. Griffith was applied to the payment, and satisfaction of the Hughes mortgage debt.

[1] It is manifest from the averments of the amended cross-bill that, if the mortgage debt to appellant was not paid in full (as the cross-bill avers in the alternative), the execution of the instruments, of dates December 30, 1914, and March 7, 1916, were acts, and consequently created obligations immediately connected with and resultant from the indebtedness and the contractual engagements originating in the mortgage to appellant, the subject-matter of all which was the land described in the mortgage and in the subsequently executed instruments. According to the major (alternative) theory of the amended cross-bill, the state of the cause is this: After the law day of the mortgage, the mortgagee accepts from the mortgagor warranty deeds to the land subject to the mortgage, reciting a consideration equal to the balance due on the mortgage debt, the grantor mortgagor reserving in the instrument the right to repurchase by a stated time (Haynie v. Robertson, 58 Ala. 38; Logwood v. Hussey, 60 Ala. 417), by paying to the grantee a sum equal to that named as the consideration in the conveyance (second) to the grantee, and the grantor seeks (alternatively) by his cross-bill the specific performance of the reserved right, offering to do equity by paying the sum necessary to effect the stipulated repurchase. That the cross-bill possesses equity and is appropriate to the end prayed is not, we think, a matter of doubt. The basis for the relief sought by the cross-bill is directly referable to the subject-matter of the original bill, viz. the foreclosure of the mortgage on the same land that the cross-complainant conveyed, with the reservation to repurchase by a stated time.

[2] While the rights and obligations of the parties were, of course, affected by the conveyances of 1914 and 1916 (whether operating a novation of the contract evidenced by the mortgage to appellant not being a question discussed on this appeal), under the

averments of the amended cross-bill those instruments proceeded from the bases afforded by the original transaction. The rights assured by the reservations in these instruments sought to be vindicated by the cross-complainant are not independent of—distinct from—the subject-matter of the original or amended bill. The doctrine of these among other of our decisions having reference to the statute (Code, § 3118), justifies the conclusion stated, and illustrates the principle underlying the familiar rule that equity's desire and purpose is to completely ascertain and determine in a single proceeding the rights and interests of all who may properly be brought within its jurisdiction. Abels v. Insurance Co., 92 Ala. 382, 386, 9 South. 423; Bickley v. Bickley, 136 Ala. 548, 34 South. 946; Faulk v. Hobbie, 178 Ala. 254, 59 South. 450; Haralson v. Whitcomb, 75 South. 913.[1]

As appears from the terms in which the reservation to repurchase the land was expressed in the deeds, Emma Griffith, cross-complainant's wife, was constituted a beneficiary of the obligation the grantee (appellant) assumed to reconvey on the contingency stipulated therein. The cross-bill seeks a reformation of this feature of the contract, so as to eliminate Emma Griffith as an obligee, on the ground that she was included by mistake. She, as stated, is a party respondent to the cross-bill, and in the cross-bill it is affirmatively averred that she was without interest in the mortgage transaction, and, except as wife, without interest in the land in question; and further in the cross-bill it is alleged that she does not claim any interest whatsoever in the contingent right to a reconveyance or in the obligation to reconvey. From the averments of the third paragraph of the amended cross-bill it appears that the mistake made by including her in the contract to repurchase was common to original complainant and cross-complainant, superinduced by the carelessness or inadvertence of the cross-compainant in writing the instruments. The only person that could be prejudiced by the reformation sought is the wife; and the allegations of the cross-bill deny the possession by her of any interest or claim in the premises that could be prejudiced. The clear allegations of the amended cross-bill are to the effect that the intention and purpose of the original complainant and the cross-complainant was that the only parties to the contract to repurchase and reconvey were Metcalf (appellant) and Griffith (appellee).

The consideration on this appeal has been limited, of course, to the questions argued and presented for review.

The decree overruling the demurrer was well rendered, and is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.