(94 South. 513)
### BURKE v. BURKE.    (7 Div. 256.)

(Supreme Court of Alabama.    Nov. 16, 1922. Rehearing Denied Dec. 7, 1922.)

**I. Appeal and error ⊕⊐1009(2)—Decree on oral evidence not reversed if facts are supported.**

Where the evidence in a suit in equity was taken before the court viva voce and the conclusions of the court on the facts are supported by the evidence, the decree will not be reversed.

**2. Equity ⊕⊐195—Cross-bill for alimony not germane to bill to sell for division.**

A cross-bill by a wife for an allowance of counsel fees and permanent alimony is not germane to the bill of her husband against her to sell for division certain real and personal property jointly owned by them, and such cross-bill should be dismissed on demurrer without prejudice to an independent suit therefor.

**3. Equity ⊕⊐195—Cross-bill must be germane to original bill.**

A cross-bill must relate to and be connected with the subject of the original bill, but may raise new issues relating to the subject-matter of the original bill dependent upon the general facts stated therein.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Bill by Joe Burke against Frances Burke, and cross-bill by defendant. From final decree, complainant appeals. Affirmed in part; reversed in part and remanded.

Joe Burke filed his bill against Francis Burke, alleging the joint ownership by the parties of certain personal property, and complainant's exclusion from the use thereof; that said property cannot be equitably divided; and praying a sale thereof for division. By amendment, complainant alleges that the parties each own an undivided one-half interest in certain realty therein described, lying in two tracts; that complainant has expended the sum of $500 for per-

manent improvements upon said lands, to which he asserts his right to be reimbursed; and that said lands cannot be equitably divided without a sale thereof. The amended prayer seeks ascertainment and allowance of an attorney's fee for complainant's solicitors to be paid out of the common fund or property.

The amended answer and cross-bill denies part ownership by complainant of the personal property, and asserts defendant's exclusive ownership therein.

It alleges that complainant and defendant are husband and wife; that they lived together from February 24, 1914, to June 10, 1919; that there were born to them two children, and that said children are now and at all times have been in the custody and care of defendant; that on June 10, 1919, defendant was forced by the conduct of the complainant to take her children and flee to the home of her father, where she has since resided; that the house in which the parties resided was a rented house; and that, upon surrender of the lease thereon by the complainant, defendant was forced to remove the personal property and household goods in question to the house of her father, where it is now located and being used by the defendant and her children.

The defendant sets up in her cross-bill the abuse and mistreatment by complainant of the defendant; that he abused, and is wholly unfit to be with, the children of the parties; and that he has given orders to merchants with whom defendant traded not to furnish her any further the necessities of life. She further alleges that complainant is able-bodied, earning good wages, that he furnished her from the date of separation to the date of filing the bill $279.85; that defendant has expended $803.47 for necessary clothing, etc., for herself and children, and that she has become indebted in the amount of $229 for board; that complainant has so abused and mistreated defendant since their separation as to make it impossible for her to live with him.

The prayer of the cross-bill is that she be allowed alimony pendente lite; that she be allowed a reasonable solicitor's fee for prosecution of her suit; that on final hearing she be allowed permanent alimony for the support of herself and her children; that she be awarded the care and custody of the children; that the permanent alimony be made a lien of complainant's property, if not promptly paid.

By subsequent amendment to her answer and cross-bill, defendant admits joint ownership with the complainant of the lands described, and that it lies in two tracts; but denies that it cannot be equitably divided without a sale thereof. She alleges that one tract was purchased by the parties for a

home and improvements made thereon with that end in view with common funds. She denies that complainant made permanent improvements on the lands, or that he expended the sum of $500, and alleges that if he expended any sum it was wasted, while defendant has paid out $500 or more in taking care of the two minor children without aid from complainant, whose duty it was to maintain and support them and the defendant. She denies complainant's right to solicitor's fees, and asserts her right to temporary alimony and solicitor's fees, praying a reference for the ascertainment thereof.

Hood & Murphree, of Gadsden, for appellant.

The cross-bill lost its character as such in seeking to bring before the court other matters and rights distinct from those embraced in the original bill, and the court erred in overruling complainant's demurrers. 102 Ala. 522, 14 South. 898. It was error for the court to fix a lien on complainant's property and ordering it sold for the satisfaction of this lien. 84 Ala. 363, 4 South. 239; 160 Ala. 572, 49 South. 445, 135 Am. St. Rep. 110.

Culli & Hunt, of Gadsden, for appellee.

All that is alleged in the cross-bill is germane to the original bill as soon as it is made known that the property sought to be divided belongs to husband and wife. 84 Ala. 363, 4 South. 239; Code 1907, § 5232; 195 Ala. 560, 70 South. 733; 176 Ala. 151, 57 South. 776; 192 Ala. 218, 68 South. 879; 191 Ala. 182, 67 South. 689; 204 Ala. 144, 85 South. 400. There was no error in the decree fixing a lien on the husband's property to secure the payment of alimony to the wife. 84 Ala. 366, 4 South. 239; 185 Ala. 86, 64 South. 95; 218 U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068, 20 Ann. Cas. 1061; 201 Ala. 520, 78 South. 874; 179 Ala. 652, 60 South. 924; 36 Ala. 392; 16 S. D. 406, 92 N. W. 1080, 102 Am. St. Rep. 703.

THOMAS, J. [1] The appeal is from a decree in equity, where the evidence was taken before the court viva voce. The conclusions of the court on the facts are supported or sustained by the evidence. Andrews v. Grey, 199 Ala. 152, 74 South. 62; Manchuria S. S. Co. v. Donald & Co., 200 Ala. 638, 77 South. 12; Ray v. Watkins, 203 Ala. 683, 85 South. 25; Hodge v. Joy, 207 Ala. 198, 92 South. 171. The real property was not occupied by the husband or wife as a homestead. Grace v. Grace, 96 Minn. 294, 104 N. W. 969, 4 L. R. A. (N. S.) 786, 113 Am. St. Rep. 625, 6 Ann. Cas. 952.

[2, 3] Assignment of error is based on overruling of demurrer to respondent's (appellee's) answer and cross-bill, filed June 30, 1920. The sufficiency of such pleading may be tested by demurrer. Ex parte Woodruff, 123 Ala. 99, 26 South. 509. The report of the appeal will contain sufficient of the averments of this pleading to illustrate the erroneous ruling of the trial court in sustaining the cross-bill as a suit for alimony, maintenance, and custody of minor child and attorney's fees. The general scope of a cross-bill is that it must relate to and be connected with the subject of the original bill (Whitfield v. Riddle, 78 Ala. 99), germane thereto (Meyer v. Calera Co., 133 Ala. 554, 31 South. 938; O'Neill v. Perryman, 102 Ala. 522, 14 South. 898; Grimball v. Patton, 70 Ala. 626; Cont. L. I. Co. v. Webb, 54 Ala. 688), and may raise new issues relating to the subject-matter of the original bill, dependent upon the general facts presented in the original bill (Davis v. Cook, 65 Ala. 617; Faulk v. Hobbie Co., 178 Ala. 254, 59 South. 450; Howell v. Randle, 171 Ala. 451, 459, 54 South. 563; Ashe-Carson Co. v. Bonifay, 147 Ala. 376, 380, 41 South. 816; Smith v. Rhodes, 206 Ala. 460, 90 South. 349; Metcalf v. Griffith, 202 Ala. 629, 81 South. 571).

The demurrer to the cross-bill should have been sustained. The decree of the lower court is affirmed in respect to findings that the land was jointly owned by the parties (each owning a half interest therein); that it can be equitably divided or partitioned between them in kind without a sale thereof; that complainant has no interest in the personal property specifically described in the decree; that complainant and respondent jointly own the objects of personalty described and that they can be equitably divided or partitioned among said joint owners without a sale; that partition of the land described be by the commissioners named to execute the trust and also to divide or partition the personal property; and as affecting the stenographer's fee and costs of court. The decree on the cross-bill allowing the sum declared and attorney's fee indicated for defending the suit, directing the care and custody of the minor children and sums allowed for maintenance and support, and securing the same by lien on complainant's interest in the real and personal property, was in error as to affirmative relief sought by the cross-bill for alimony, attorney's fees, custody of minors, and for their maintenance. The decree in such respects is reversed, and the cause remanded that appellee may prosecute her separate suit, without prejudice, for alimony, maintenance, attorney's fees, and for custody of minor children if she so desires.

Affirmed in part; reversed in part and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.