(113 So. 538)

## BEHAN et al. v. FRIEDMAN et al.
### (6 Div. 916.)

Supreme Court of Alabama.   June 30, 1927.

1. **Quieting title ⬅═39—Cross-bill, in action to quiet title, held demurrable for misjoinder, where remote grantor was made cross-defendant under covenant to defend title.**

In action to quiet title, cross-bill *held* demurrable for misjoinder, in that remote grantor, who warranted title, was made cross-defendant under his warranty to defend title, since relief asked as against him was foreign to any proper issue of case.

2. **Equity ⬅═201—Cross-bill will not support affirmative relief, if inconsistent with answer.**

In equity pleading, cross-bill will not support affirmative relief if not consistent with answer to original bill.

3. **Quieting title ⬅═39—Where respondents asserted title in answer in quiet title action, cross-bill asking relief against stranger for failure of asserted title held demurrable as being inconsistent with answer.**

In action to quiet title, in which respondents asserted title in original answer, cross-bill, bringing in remote grantor to dispute with parties to original bill and asking relief against such grantor by reason of failure of respondents' asserted title, *held* demurrable as being in conflict with answer.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Bill in equity by Samuel Friedman and others against W. J. Behan and others, and cross-bill by respondents against complainants and another. From a decree sustaining demurrers to the cross-bill, respondents appeal. Affirmed.

Garber & Garber, R. D. Gilliam, Jr., and W. H. Smith, all of Birmingham, for appellants.

Chancery will do complete justice when it takes jurisdiction of any cause. 3 Mayfield's Dig. 188(a)8; Smith v. Rhodes, 206 Ala. 460, 90 So. 349; Cooper v. Brown, 214 Ala. 400, 108 So. 20. A cross-bill is proper and allowable when it is necessary to do complete justice between the parties and adjust all equities between them connected with the subject-matter of the original bill. Ashe v. Bonifay, 147 Ala. 376, 41 So. 816; Smith v. Rhodes, supra; 1 Rom. Eq. Jur. (4th Ed.) 125, 239; B. & L. Ass'n v. Stocks, 124 Ala. 109, 27 So. 506. The covenant for quiet enjoyment runs with the land and is enforceable by a subsequent grantee. Dallas Comp. Co. v. Liepold, 205 Ala. 562, 88 So. 681; Gulf Co. v. Musgrove, 195 Ala. 219, 70 So. 179; Musgrove v. C. C. L. & I. Co., 191 Ala. 419, 67 So. 582; Prestwood v. McGowin, 128 Ala. 267, 29 So. 386, 86 Am. St. Rep. 136.

A. F. Fite and C. D. Shepherd, both of Jasper, for appellees.

The filing of cross-bill is by virtue of the statute. Code 1923, § 6550; Abels v. Planters' & Merchants' Ins. Co., 92 Ala. 382, 9 So. 423. It is not permissible for a defendant to a bill to bring in a stranger to the bill and litigate with him extraneous matters not connected with the controversy between the complainant and defendant to the original bill, and not related in any way to the issues involved between them. 21 C. J. 506, 508, 511; Stickney v. Adler, Malone & Co., 91 Ala. 198, 8 So. 568; Meyer v. Calera Land Co., 133 Ala. 554, 31 So. 938; Howe v. Roberts, 209 Ala. 80, 95 So. 346; O'Neill v. Perryman, 102 Ala. 522, 14 So. 898; Tutwiler v. Dunlap, 71 Ala. 131; Stammers v. McNaughten, 57 Ala. 277; Cont. L. I. Co. v. Webb, 54 Ala. 694.

THOMAS, J.   The original bill, filed of date of July 19, 1926, amended September 1, 1926, by Friedman et al., was to quiet title to lands against appellants. The latter answered of date of October 26, 1926, and made the same a cross-bill, denied complainants' title, asserted their superior title and ownership, and prayed that the title be so declared in appellants. The cross-complainants set out the source of their title back to the deed by Musgrove to Dashiell of June 2, 1887, and that by mesne conveyances complainants in the cross-bill succeeded to the title of Dashiell as acceding to his rights.

It is further alleged that there was a warranty of title in the grantors and a covenant to defend the title to Dashiell and his assigns. Musgrove is made a party defendant to the cross-bill, and a moneyed judgment sought by cross-complainants against said original grantor, Musgrove, for the amount of the purchase price paid him on June 2, 1887, by Dashiell, if the title warranted failed.

[1] The demurrers to the cross-bill, among other things, pointed out the misjoinder as to Musgrove and his interest or liability as to said land by its original sale with covenants of warranty and to defend the title. This relief prayed for, as against Musgrove, was foreign to any proper issue that was presented as to title or interest in the lands made the subject of the cross-bill between the parties and as pertinent or germane to the original bill; that is to say, any right of action cross-complainants, respondents in the original bill, may have had against Musgrove growing out of these lands, as a remote owner of the same, was wholly foreign to any issue between the parties to the original bill. The general rule as to a cross-bill is contained in Ex parte Conradi, 210 Ala. 213, 97 So. 569; Meyer v. Calera Land Co., 133 Ala. 554, 31 So. 938; O'Neill v. Perryman, 102 Ala. 522, 14 So. 898; Tutwiler v. Dunlap, 71 Ala.

---

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

126; Stammers v. McNaughten, 57 Ala. 277; 21 C. J. 506, § 613.

The cases cited by appellants, held not multifarious, are: Smith v. Rhodes, 206 Ala. 460, 90 So. 349, where the bill was filed to quiet title, and the preservation by injunction and for damages of the status quo as to timber on the part of one of the parties or agents thereof was had. There was no third party brought in, and no issue not germane to the matter involved between the parties was presented. Cooper v. Brown & Sons Lumber Co., 214 Ala. 400, 108 So. 20, where the bill was held insufficient—no third parties introduced by cross-bill—has no bearing; held the right to accounting between the parties was not presented on the pleadings as framed. The case of Ashe-Carson Co. v. Bonifay, 147 Ala. 376, 41 So. 816, was one in which bill was filed by lessees of turpentine rights against the lessors thereof, defendants to the original bill, who had violated the lease by cutting trees boxed by complainants, the lessees, and prayed injunction and ascertainment of damages already accrued by such violation. The defendants, by cross-bill, alleged a violation of the lease by the lessees, complainants, by boxing smaller trees than they had a right to box, and prayed damages therefor as an offset against the complainants' claim. The matters set up by defendants were germane to the matters set up in the original bill and directly responsive thereto. And no other or third parties were brought in. The bill was to quiet title to land and enjoin foreclosure in Interstate B. & L. Ass'n v. Stocks, 124 Ala. 109, 27 So. 506, and the decision was on demurrer to the original bill, challenging the validity of the mortgage executed by the wife without the required assent of the husband. And in Bell v. McLaughlin, 183 Ala. 548, 62 So. 798, to quiet title and a cross-bill asking that, as against complainant, the deed in question be canceled. No third party or foreign issue bearing upon the title to the land was introduced by the cross-bill. These cases are without application.

[2, 3] It is a further rule of equity pleading that a cross-bill will not support affirmative relief if it is not consistent with the answer of respondents to the original bill. Ex parte Conradi, 210 Ala. 213, 97 So. 569; Lowery v. May, 213 Ala. 66, 77, 104 So. 5; Burke v. Burke, 208 Ala. 503, 94 So. 513; Wilson v. Henderson, 200 Ala. 187, 75 So. 935; Harton v. Little, 166 Ala. 340, 51 So. 974.

Such a conflict or lack of consistency is presented in one aspect of the cross-bill before us. In the answer and cross-bill, complainants' ownership is denied and prayed that respondents' title be declared superior; the latter cannot be allowed to bring in a stranger to dispute with the parties to the original bill, and ask relief against the stranger by reason of the failure of their asserted title. This aspect of the cross-bill is inconsistent with the alleged ownership of respondents (in the original bill) asserted by the answer thereto.

The cases of Musgrove v. Cordova, 191 Ala. 420, 67 So. 582, and Dallas Co. v. Liepold, 205 Ala. 562, 88 So. 681, to the effect that covenants of warranty and for quiet enjoyment run with the land, do not vary well-established rules of equity pleading adverted to, as affecting parties and requiring consistency in aspects of relief sought. Lowery v. May, 213 Ala. 66, 77, 104 So. 5.

The decree of the lower court, sustaining demurrers of the respective parties severally and separately to the cross-bill, is well founded, and is without error. The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.