139 So. 218

## GROSS v. GROSS.

### 3 Div. 949.

Supreme Court of Alabama.
Jan. 21, 1932.

T. E. Martin and John B. Scott, both of Montgomery, for appellant.

Ball & Ball, of Montgomery, for appellee.

**KNIGHT, J.**

Complainant, appellee, filed her bill in the circuit court of Montgomery county against E. G. Gross, her husband, seeking allowance for her support, pending the suit, and permanently thereafter, and for counsel fees, alleging that her husband, without fault on her part, had abandoned her. In her bill she also alleged that her means were insufficient for her support. For the purposes of this case, as it is now presented, the sufficiency of the averments in this respect, as against a proper demurrer, is not before us for determination.

After the filing of the bill, the husband, appellant here, filed an answer, and made it a, cross-bill, wherein he sought a divorce absolute from the complainant. In the answer the defendant and cross-complainant averred in the first paragraph thereof that "the bonds of matrimony heretofore existing between Annie E. Gross and E. G. Gross have been *dissolved*." In the fourth paragraph of his answer, the defendant, in positive terms, denies each and every allegation contained in each and every paragraph of complainant's bill. The complainant's bill averred a marriage status between the parties.

After making these specific and unequivocal statements of fact in his answer, the defendant, by way of cross-bill, states and avers: "That he is a resident of Montgomery County, Alabama, and has resided in said county and State for more than three years next preceding the filing of this bill; that Annie E. Gross is a nonresident of the State of Alabama, now residing in Columbus, Georgia; that the respondent and the oratrix were married in 1892 at New Albany, Indiana, and lived together as man and wife until October 1921. Respondent avers that in October, 1921, Annie E. Gross did abandon him freely and voluntarily, and has remained away continuously and voluntarily ever since." Then follows prayer for "absolute divorce" from said Annie E. Gross.

To this cross-bill, the cross-respondent, Annie E. Gross, demurred, assigning, among others, the ground that there is no equity in the bill. The court sustained the demurrer, and from this decree the present appeal is prosecuted.

■ In his answer the respondent and cross-complainant averred that the bonds of matrimony between himself and Mrs. Gross had been dissolved, and construing this averment

most strongly against the pleader, we are authorized to treat the statement as averring that the bonds of matrimony had been dissolved by a court of competent jurisdiction. That means then that, before the filing of the bill, the respondent and cross-complainant had been divorced from said wife.

In his cross-bill, the cross-complainant predicates his right to affirmative relief, namely, a divorce, upon allegations directly opposed to, and inconsistent with, those set forth, as above pointed out, in his original answer. This the cross-complainant will not be permitted to do. In 21 Corpus Juris, § 614, p. 511, it is stated as a rule of pleading: "A cross-bill must be entirely consistent with the case made by the answer to the original bill, and it will not support affirmative relief where the allegations are directly opposed to the allegations in the original answer." This rule is supported by the adjudications in our own court. Dill et al. v. Shahan, 25 Ala. 694, 60 Am. Dec. 540; Hatchett v. Blanton, 72 Ala. 423; Harton v. Little, 166 Ala. 340, 51 So. 974; 16 Cyc. 333.

It requires no argument to show that if the cross-complainant, as averred in his original answer, had been granted a divorce by a court of competent jurisdiction, a court of equity, with only statutory powers and limited jurisdiction in dealing with divorces, would be wholly without jurisdiction to entertain a second bill seeking the identical relief he had already been granted. One of the essential requisites of the court's jurisdiction would be wanting—a marriage status between the parties.

It may be probable, though the question is not decided, that, had the cross-complainant, after averring the dissolution of the bonds of matrimony theretofore existing between himself and the cross-respondent, proceeded to base the equity of his cross-bill upon the alternative of a mistake in the assertion that he had been divorced from his wife, or as to its validity for any cause, he might have some standing in a court of equity. But such course was not pursued, and we must pass upon the case as presented by the pleadings.

It is not doubted that the husband, in a bill by his wife for support money and counsel fees, but not for divorce, may, by cross-bill, with proper statutory averments, present a case entitling him to a divorce. As was said in the case of Bickley v. Bickley, 136 Ala. 548, 34 So. 946, 947: "It would be unnecessary and vexatious to require the defendant, in such case, to bring a new suit and go over the same matters, which could as well be brought forward in the existing suit. The rights of the parties could be adjusted in the one as well as in bringing another suit, thereby avoiding inconvenience and delay. Whatever can be done consistently with the law, to put an end to vexatious and irritating litigation ought to be done."

As now presented, the cross-bill is without equity, and the decree of the circuit court, in equity, will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.