**LANIER v. HENDERSON et al.**

**4 Div. 701.**

Supreme Court of Alabama.

May 11, 1933.

Rehearing Granted June 22, 1933.

Further Rehearing Denied Sept. 28, 1933.

· C. B. Fuller and A. R. Powell, both of Andalusia, for appellant.

Powell, Albritton & Albritton, of Andalusia, for appellees.

THOMAS, Justice.

The error assigned was the sustaining of the demurrer of cross-respondent, T. E. Henderson, to the cross-bill of appellant.

The bill of the First National Bank of Opp, one of the appellees, was against Mrs. H. T. Brown and appellant, Lanier. It is averred that the American Bank & Trust Company became indebted to appellee bank in the sum of $12,000, evidenced by a note of date of October 24, 1931; that at and before delivery it was indorsed by T. E. Henderson and J. A. Whaley; that said note was not paid at maturity; that certain collateral security was lodged with complainant to secure the payment of said note, and it is admitted that $2,000 was realized therefrom; that suit was brought on April 11, 1932, against appellant Lanier, T. E. Henderson, and J. A. Whaley, as indorsers; that appellant is alleged to be the owner of certain shares of stock—preferred and common —in the Opp Cotton Mills and Micolas Cot-

ton Mills; that it is pretended to be transferred and assigned to Mrs. H. T. Brown and changed for the sole purpose of putting said stock beyond the reach of the complainant and to defeat the collection of his debt; that the attempted transfer was void because it was made for the purpose, and with the intent to hinder, delay, and defraud the appellee; and that the attempted transfer and assignment was without consideration.

The prayer of the bill was that the court ascertain the amount due complainant, the First National Bank of Opp, by virtue of the indorsement of appellant, B. F. Lanier, that the transfer and assignment to Mrs. Brown be decreed fraudulent and void, and that the stock be sold under an order of the court for the payment of the debt, interest, attorney's fees, and all other costs.

In the original answer responding to the averments of the bill, the respondents deny that Lanier, Henderson, and Whaley "endorsed and delivered" said note to complainant; "expressly deny that said note was executed and delivered by B. F. Lanier"; neither "admit nor deny that The American Bank & Trust Company executed a note referred to," and "neither admit nor deny that T. E. Henderson and J. A. Whaley endorsed same."

Thereafter, on December 12, 1932, appellant amended his answer and made it a cross-bill. The portion of the original answer denying indorsement of the note and indebtedness accruing by reason of the indorsement was expressly readopted; the amendment being of subsequent sections specifically indicated as 8, 9, 10, and 11.

There was other admission or allegation in the cross-bill that the respondent in the cross-bill indorsed the note.

■ It is established in this jurisdiction that the sufficiency of a response by way of a cross-bill is determined with reference to the antecedent pleading—of necessity, its consistency with the answer filed theretofore. Lowery v. May, 213 Ala. 66, 77, 104 So. 5; Gross v. Gross, 224 Ala. 212, 139 So. 218; Behan v. Friedman, 216 Ala. 478, 113 So. 538; Ex parte Conradi, 210 Ala. 213, 97 So. 569; Burke v. Burke, 208 Ala. 503, 94 So. 513; Wilson v. Henderson, 200 Ala. 187, 75 So. 935; Harton v. Little, 166 Ala. 340, 51 So. 974; Hatchett v. Blanton, 72 Ala. 423; Dill v. Shahan, 25 Ala. 694, 60 Am. Dec. 540; Graham v. Tankersley, 15 Ala. 634; 21 C. J. § 614, page 511; 16 Cyc. p. 333; Sim's Ch. Pr. § 647.

■ Thus it is apparent that the cross-bill is rested on alternative averments; the denial of liability as indorser; if it be held that there was liability as such indorser, sought contribution and accounting. We find no cases exactly like this. One ground of demurrer is that, because of such alleged inconsistency between the original answer and

the amended answer and cross-bill, the rule of our cases was violated, since the indorsement of the note by Lanier is the basis on which he must rest his right to affirmative relief for accounting and contribution as against the coindorsers. 21 C. J. § 614, p. 511; section 6550, Code.

The cross-bill touched, connected with, and grew out of the matters in question in the original bill and as an auxiliary thereto or dependency thereupon. City of Florala v. Louisville & N. R. Co., 213 Ala. 343, 104 So. 769; Bickley v. Bickley, 136 Ala. 548, 34 So. 946; Continental Life Insurance Co. v. Webb, Adm'r, 54 Ala. 688. There was no departure in the amended answer and cross-bill for that it was in the alternative and grew out of the matter and was germane to the original bill. Section 6550, Code.

■ Another ground of demurrer challenged the right to maintain the bill when a suit at law had been brought and that that cause was duly transferred to the equity docket on the petition of respondent in the cross-bill, T. E. Henderson. The eleventh and twelfth paragraphs of the cross-bill set up this fact, and the demurrer by Henderson to the cross-bill presents such ground. The fact of the pendency of a former suit is set out, by another co-respondent, J. A. Whaley, by way of a special plea; and its insufficiency was sustained by the court. Watts v. Kennamer, 216 Ala. 64, 112 So. 333. The correctness of this ruling on the plea was not challenged by Whaley.

The several matters sought to be set up and issues made by the several pleadings in this and the other suit may and should be litigated in one suit after a consolidation by order of the trial court. This cross-bill might well have been filed in the other suit. J. A. Whaley v. T. E. Henderson et al., ante, p. 158, 148 So. 848; Lamar v. Lincoln Reserve Life Ins. Co., 222 Ala. 60, 131 So. 223.

The trial court committed no error in sustaining the demurrer of T. E. Henderson to the cross-bill of Lanier.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

### On Rehearing.

THOMAS, Justice.

It was held in Lamar v. Lincoln Reserve Life Ins. Co., 222 Ala. 60, 131 So. 223, that third parties not parties to the suit cannot be brought in by a statutory cross-bill; that in such case the filing of the original bill in the nature of a cross-bill is the approved practice.

This point, however, was not taken by the demurrer to the cross-bill; and on further consideration the trial court was in error in sustaining the stated grounds of demurrer of

Henderson to the cross-bill, and for this error the decree of the circuit court is due to be reversed. We are, however, clear to the conclusion that the two suits should be consolidated by the court ex mero motu, or on due motion by counsel.

It results that the application for rehearing is granted, the judgment of affirmance is set aside, and the decree of the circuit court is reversed, and the cause is remanded.

Rehearing granted; reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.